# Ort's Appeal.

1. The 2d section of the Bounty Act of August 25th 1864, authorizing the repayment of money borrowed by a majority of the citizens of a locality to pay bounties, applies only to volunteers raised under the call of the President of July 18th 1864.
2. Citizens of a locality borrowed money February 18th 1864, to pay bounties to volunteers under a call previously made; such calls are provided for by the Bounty Act of March 1864, and a tax to pay such money cannot be levied under the act of August, although it had been borrowed by a majority of the citizens with the understanding that it should be repaid by taxes.

May 19th 1868.   Before THOMPSON, C. J., AGNEW and SHARS-WOOD, JJ.   STRONG and READ, JJ., absent.

Appeal from the decree of the Court of Common Pleas of *Mifflin county:* In equity: Of May Term 1868, No. 49.

This was a bill filed by Samuel Ort and others against Thomas Mayes and others, directors of Granville School District, Mifflin county.

The bill set forth that the plaintiffs were citizens and taxpayers of Granville township, that the defendants, as school directors, without authority, undertook to assess and collect a tax of $3000, more or less, for the purpose of paying two notes given by John Brought and others, citizens of the township, one to D. W. Woods for $1200, and the other to C. C. Hoover for $900, and also a debt of $300 to Joseph Alexander and D. W. Woods for professional services in a suit in equity by James Burns and others against the directors of said district, which debts had not been contracted by the proper authorities of the township.   The bill further charged that in the year 1864 the township of Granville being required to furnish a number of men for the service of the United States, certain citizens in public township meetings agreed

that the township should be divided into three districts, each of which should provide the proportionate part of a fund, sufficient to pay $200 to each volunteer necessary to fill the quota of the township, that Valley district in which the plaintiffs resided raised by voluntary contribution $1545, much more than enough to pay their proportion of the bounty fund; that the other two districts having failed to raise their proportion, certain citizens residing in them gave the notes above mentioned, and applied the proceeds to the payment of bounties: The plaintiffs charged that the directors had paid out of the treasury no part of the sum aforesaid to volunteers, and were not liable therefor for the purpose of refunding to any of the citizens of Granville township any of their subscriptions, &c. The prayer was to restrain the defendants from assessing and collecting the tax, &c. The answer admitted the purpose to levy and collect the tax and averred that the tax was to pay the liability of the township for raising bounties for volunteers to fill the quota of the township, which liability was for one note for $1150 from John Brought and others, dated February 18th 1864, to D. W. Woods, and one for $940.50 to C. C. Hoover, the aggregate due on both being about $2000, borrowed on the authority and with the consent, understanding and agreement of a majority of the citizens of the township that the money borrowed should be repaid by taxes; and also to enable the defendants to comply with the conditions of a settlement made between the parties in a suit in equity between James Burns and others and the school directors of Granville district, by which it was agreed that the defendants should levy a tax to pay the above notes and also $300 to the plaintiffs' counsel for professional services in the suit. There were denials of other averments of the bill and other allegations of the defendants not important to state. Evidence was taken by the plaintiffs in support of their bill.

The court (Woods, P. J.) dismissed the bill, which on appeal by the plaintiffs to the Supreme Court was assigned for error.

*Doty & McKee*, for appellants, referred to Acts of March 25th and August 25th 1864, § 2, Pamph. L. 85, 987.

*Alexander & Woods* referred to same acts and other authorities. —The 2d section of the Act of 1864 is: "That whenever a majority of the citizens of any ward, borough, or township, have borrowed moneys to procure volunteers, under the late requisition of the President of the United States, with the understanding or agreement, that it should be repaid by taxes, the constituted authorities, or board of election officers thereof, as the case may be, are hereby required, to assess such amount of taxes, under

[Ort's Appeal.]

the provisions of the act, to which this is a supplement, as will cover the same."

The opinion of the court was delivered, May 27th 1868, by

AGNEW, J.—Without affirming or denying the interpretation of the learned judge below placed upon the 2d section of the Act of 25th August 1864, as to the parties between whom the agreement or understanding must exist to refund money borrowed to pay bounties, we think he must have overlooked a fact which renders the section inapplicable to the case before the court. The meetings of the citizens at which it was agreed to raise money for the payment of bounties took place in the month of February 1864, and the notes given for the money borrowed bear date on the 18th day of that month. The 2d section of the Act of 25th August 1864, authorizing the repayment of money borrowed by a majority of the citizens to pay bounties, expressly confines it to money borrowed to procure volunteers under *the late* requisition of the President. The then late requisition of the President was his proclamation of the 18th day of July 1864, calling for 300,000 volunteers, to be furnished within fifty days, and fixing the 5th day of September for a draft in the event of a failure of that number of volunteers to respond to the call. It is to this requisition the 2d section can alone apply, the calls previous to February 1864 being all provided for in the Act of 25th March 1864. We must therefore reverse the decree of the court below dismissing the plaintiff's bill, direct it to be restored, and remit the record to the court below, with instructions to proceed to make such a decree for a final injunction as may be requisite under the facts of the case.